Trust *v.* Delaplaine.

*Henry A. Griswold*, for the defendant.

*Nathan A. Chedsey*, for the plaintiff.

---

## JOSEPH W. TRUST *v.* ISAAC C. DELAPLAINE.

Where, at an auctioneer's sale, the vendor underbids and thereby enhances the price, to a purchaser, the latter may refuse to complete the purchase.

Where both parties attended the trial of a cause in one of the district or justice's courts, this court on appeal cannot look beyond the return—original or amended —although the appellant produces affidavits of facts which, had they appeared in the return, would require a reversal of the judgment.

FROM a return made by the justice of the First District Court, it appeared that this action was brought to recover the price of a picture purchased by the defendant at an auctioneer's sale, and that the only witness called was the defendant himself,

who testified, upon a cross examination by his counsel, that the price to him was enhanced by a bid of another person in attendance at the sale, who afterwards proved to have been the vendor himself.

The case now came up upon appeal from a judgment of non-suit. The plaintiff—having first obtained an amended return, which, however, was little more than a restatement of the matter originally returned by the court below—produced affidavits charging, 1, That the trial was forced on with unreasonable precipitancy and dispatched with unusul haste, before certain material witnesses had arrived; 2, That the justice had improperly refused to permit the examination of a witness for the plaintiff, who had entered the court room when a motion to dismiss the complaint was pending; and 3, That the nonsuit was granted before the plaintiff's case was fairly closed.

*Robert H. Shannon,* for the plaintiff.

*John B. Scoles* and *John M. Cooper,* for the defendant.

By the Court. Ingraham, First J.—If the facts stated by the appellant's counsel appeared in the return, there would be ample grounds for reversing this judgment; but there is nothing either in the return or in the amended return from which any such facts can be inferred to have existed upon the trial. On the contrary, the plaintiff's allegations are denied in the amended return, and the whole evidence is that of the defendant, called by the plaintiff. He testified to a purchase of a picture at auction, and then, on cross examination, stated that the plaintiff bid against him, and was the only bidder, and thereby enhanced the price. There is no doubt that under-bidding by the owner or auctioneer vitiates the sale.

The judgment upon the facts appearing in the returns was correct, and we cannot look beyond the returns in deciding on an appeal.

Judgment affirmed.